**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                 )   | |
|       Plaintiff-Respondent,   ) | |
|                 )   | |
| vs.                ) | Case No. CR-00-44-M |
|                 )   | |
| JAMES PAUL McCASLIN,    ) | |
|                 )   | |
|       Defendant-Movant.   ) | |

**ORDER**

Before the Court is defendant-movant James Paul McCaslin's ("McCaslin") Motion to Reopen Time to Appeal, Motion to Reconsider Order of October 25, 2006, filed November 6, 2006.

On February 3, 2005, McCaslin filed a motion to vacate pursuant to 28 U.S.C. § 2255. On December 21, 2005, this Court entered an order and judgment denying McCaslin's § 2255 motion. On October 20, 2006, McCaslin filed a motion to withdraw and dismiss his § 2255 motion. On October 25, 2006, the Court denied the motion to withdraw as moot.

Because McCaslin contends that he never received a copy of the order and judgment denying his § 2255 motion, McCaslin moves this Court to reopen the time for him to appeal the Court's denial of his § 2255 motion. Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules." Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>     (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>     (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry,

>       whichever is earlier; and
>           (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Accordingly, in order for this Court to reopen the time for McCaslin to appeal the denial of his § 2255 motion, McCaslin must satisfy the above conditions. To satisfy condition "B" McCaslin must file his motion to reopen by the earlier of either 180 days after the judgment or order is entered or 7 days after he receives notice of the entry. The order and judgment denying the § 2255 motion was entered on December 21, 2005; 180 days after this date is June 19, 2006. According to McCaslin he did not receive notice of the denial until the Court's October 25, 2006 order, which clearly falls after June 19, 2006. Therefore, in order to satisfy condition "B," McCaslin would have had to have filed his motion to reopen by June 19, 2006. Because McCaslin did not file his motion to reopen until November 6, 2006, the Court finds that McCaslin has not satisfied condition "B" and, accordingly, finds that the Court cannot reopen the time to file an appeal.

Additionally, McCaslin moves the Court to reconsider its October 25, 2006 order. Having reviewed McCaslin's motion, the Court finds no basis to reconsider its order.

Thus, for the reasons set forth above, the Court DENIES McCaslin's Motion to Reopen Time to Appeal, Motion to Reconsider Order of October 25, 2006 [docket no. 213].

**IT IS SO ORDERED this 9th day of November, 2006.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE